IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWIN SNEYDER AGUILERA NINO,<br><br>Petitioner,<br><br>v.<br><br>EVAN TJADEN, et al.,<br><br>Respondents. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS**<br><br>Case No. 1:26-cv-38-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner Edwin Sneyder Aguilera Nino petitions for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention pending the resolution of his removal proceedings is unlawful. *See* Dkt. No. 1. He also moves for appointment of counsel and for an emergency stay of transfer out of the District of Utah pending the resolution of his habeas corpus petition. *See* Dkt. Nos. 3, 4. The court denies the petition and motions.

**I.**

Mr. Aguilera Nino alleges that he entered the United States without inspection on January 1, 2024. *See* Dkt. No. 1 ¶¶ 8, 63. The next day, he was "apprehended near the border, placed in removal proceedings under 8 U.S.C. § 1229a, and released on" his own recognizance. *Id.* ¶ 25. When he was released, he received a notice to appear before an immigration judge in Utah on October 22, 2026. *See* Dkt. No. 1-2. And in October 2024, he filed a claim for asylum. *See* Dkt. No. 1-1.

Notwithstanding the 2024 decision to release him, U.S. Immigration and Customs Enforcement issued a detainer against Mr. Aguilera Nino on March 16, 2026, after a traffic stop by local law enforcement. Dkt. No. 1 ¶¶ 15–18. He was subsequently taken into ICE custody. *See id.* ¶ 19. Mr. Aguilera Nino challenges his detention on the grounds that (1) 8 U.S.C. § 1226 requires bond hearings for aliens detained pending removal proceedings, (2) his renewed

detention without another bond hearing violates his due process rights, and (3) ICE's recent decision to take him into custody was arbitrary, capricious, and procedurally unlawful because nothing relevant had changed since ICE released him on recognizance in January 2024.

## II.

The court concludes that Mr. Aguilera Nino's arguments lack merit and accordingly denies the petition without requiring a response from the Government. *Cf.* Rules Governing Section 2254 Cases in the United States District Courts 1(b), 4; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

## A.

Mr. Aguilera Nino first contends that 8 U.S.C. § 1226(a) and its implementing regulations require the Government to afford him a bond hearing to determine whether he should be released or detained pending the resolution of his removal proceedings. The court disagrees because it concludes that Mr. Aguilera Nino is detained under 8 U.S.C. § 1225(b)(2)(A), which requires that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained for a [removal] proceeding under section 1229a of this title." (Emphasis added.)

Section 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted *or* who arrives in the United States . . . shall be deemed for the purposes of this chapter an applicant for admission." (Emphasis added.) And the word "admitted" is defined, in turn, as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

2

Mr. Aguilera Nino concedes that he "entered the United States without inspection"—and thus without authorization—by an immigration officer. Dkt. No. 1 ¶ 63. And the "Notice to Appear" he attaches to his petition confirms that he was not "admitted or paroled after inspection by an Immigration Officer" after he "arrived in the United States at or near Brownsville, TX." Dkt. No. 1-2 at 2 (cleaned up). It follows that he "is an applicant for admission and is seeking admission within the meaning of Section 1225(b)(2)(A)." *Cisneros v. Noem*, — F. Supp. 3d —, 2026 WL 396300, at *2 (D. Utah Feb. 12, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–04 (5th Cir. 2026); *Avila v. Bondi*¸ — F.4th —, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026). Given that Mr. Aguilera Nino "offers no evidence or argument that he is 'clearly and beyond a doubt entitled to be admitted,'" Section 1225(b)(2)(A) thus "requires his detention while his removal proceedings are pending." *Cisneros*, — F. Supp. 3d at —, 2026 WL 396300, at *2 (quoting 8 U.S.C. § 1225(b)(2)(A)).

**B.**

Mr. Aguilera Nino next argues that his continued detention without a bond hearing violates his due process rights. But "[g]iven that [his] detention is mandatory under Section 1225(b)(2)(A), . . . a bond hearing could not remedy [his] deprivation of liberty and would thus serve no purpose." *Cisneros*, — F. Supp. 3d at —, 2026 WL 396300, at *6. Nor does the detention itself violate due process "absent undue delay or some indication that the Government's purpose in detaining [him] is not to facilitate deportation but instead to lock up and punish aliens who have not committed a crime," *id.* (cleaned up), a showing that Mr. Aguilera Nino does not, and almost certainly could not, make.

## C.

Finally, Mr. Aguilera Nino maintains that ICE has acted arbitrarily and capriciously in choosing to detain him now after having released him on recognizance for the past two years. *See* 5 U.S.C. § 706(2)(A). "Agencies are," to be sure, "under an obligation to follow their own regulations, procedures, and precedents, or provide a rational explanation for their departures." *Big Horn Coal Co. v. Temple*, 793 F.2d 1165, 1169 (10th Cir. 1986) (cleaned up). But Mr. Aguilera Nino has identified no way in which his detention departs from any immigration regulation or procedure. To the contrary, it appears to be *required* by both statute, *see* 8 U.S.C. § 1225(b)(2)(A), and current administrative practice, *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025). It follows that ICE's decision to detain him without a bond hearing is based on "a rational connection [to] the facts" of his case—namely, his status as an alien who entered the United States without admission—and thus is not arbitrary or capricious. *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.¸* 463 U.S. 29, 43 (1983) (cleaned up); *cf. Mobil Oil Expl. & Producing Se., Inc. v. United Distrib. Cos.*, 498 U.S. 211, 222–25, 225 n.5 (1991). Nor does ICE's departure from the practice of "previous presidential administrations" in applying Section 1225(b)(2)(A) to aliens like Mr. Aguilera Nino render its decision to detain him arbitrary or capricious: "[a]gencies are of course free to change their minds as long as the proper procedures are followed." *Cisneros*, — F. Supp. 3d at —, 2026 WL 396300, at *4.

## III.

The court next considers Docket Number 3, Mr. Aguilera Nino's motion for appointment of counsel. Although there is "no constitutional right to counsel in habeas corpus proceedings in federal courts," *Flowers v. Oklahoma*, 356 F.2d 916, 917 (10th Cir. 1966), the court may appoint

counsel for persons "seeking relief under section 2241 . . . of title 28" if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). Given its conclusion that the habeas corpus petition lacks merit, the court concludes that the interests of justice do not require appointing counsel in this case. And even if they did, the court would have reservations about appointing counsel from the Federal Defender's Office in an immigration habeas case such as this one, given that Office's limited resources, the high volume of these cases currently being litigated in the federal courts, and the apparent divergence of such representation from the Federal Defender's Office's core mission of defending indigent individuals charged with federal crimes.

*   *   *

For the foregoing reasons, Docket Number 1, Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Docket Number 3, Motion to Appoint Counsel, are **DENIED.** Docket Number 4, Emergency Motion to Stay Transfer During Pendency of Petition, is **DENIED AS MOOT**.[1]

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] Even if this motion were not moot, the court would deny it on the merits. Mr. Aguilera Nino's presence in Utah is not required for the court to retain jurisdiction in this action. *See Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). And Mr. Aguilera Nino has not demonstrated to the court's satisfaction that he is otherwise entitled to a stay under the factors enumerated in *Nken v. Holder*, 556 U.S. 418, 434 (2009).